UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JANET FRANCIS, | Civil No. 09-643 (DWF/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CAPELLA UNIVERSITY, CHRISTOPHER CASSIRER, MARY ENRIGHT, Dr. LOUIS KAVAR, BETH MULLER, THOMAS CLYBURN, and BENJAMIN C. IMKER, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff commenced this action several months ago, by filing a self-styled civil complaint, (Docket No. 1), and her application to proceed IFP. The Court reviewed those original submissions, pursuant to 28 U.S.C. § 1915(e)(2)(B), and found Plaintiff's complaint to be grossly deficient in numerous respects. By an order dated April 6, 2009, (Docket No. 4), the Court informed Plaintiff that her IFP application could not be granted "at this time," because her complaint failed to state any actionable claim for relief. That order granted

Plaintiff leave to file an amended complaint, and provided clear and detailed directions about what she would have to do to cure the shortcomings of her original pleading.

On June 19, 2009, Plaintiff filed an amended complaint, (Docket No. 8), but her new pleading was no better than the original. Plaintiff conspicuously failed to follow the comprehensive pleading instructions provided by the Court's previous order. Thus, the Court again declined to grant Plaintiff's IFP application, and again allowed her to file a new complaint. (Order dated July 2, 2009; [Docket No. 9].) The Court reiterated the pleading instructions set forth in the prior order, and directed Plaintiff to follow those instructions carefully. Plaintiff was explicitly reminded that she would have to "clearly explain what, <u>specifically</u>, <u>each named Defendant</u> allegedly did (or failed to do) that has caused that Defendant to be sued."

On August 12, 2009, Plaintiff filed her second amended complaint, (Docket No. 13), and that pleading is now before the Court. Plaintiff's second amended complaint indicates that she is seeking relief under 42 U.S.C. § 1983, for alleged violations of her constitutional rights under the First and Fourteenth Amendments. However, Plaintiff has not alleged any facts that could support any § 1983 claims against any of the named Defendants.

The second amended complaint broadly alleges that Defendants breached a contract that Plaintiff entered into with Defendant Capella University, by failing to follow certain unidentified "policies rules and regulations." (Second Amended Complaint, p. 1.) It is also alleged that (i) during a five-month period, (January - May, 2009), two of the named Defendants, Benjamin Imker and Mary Enright, "harassed the plaintiff by threatening her education by attempting to write her up for things she wasn't doing;" (ii) Defendant Imker "admitted to taking" some unidentified piece of mail sent by Plaintiff; (iii)

2

Defendants "made representations of materials [sic] fact of handling grievances and grade appeals" that allegedly were false; (iv) Defendants Imker and Enright "retaliated against plaintiff because she filed a grievance;" and (v) Defendants "negligently caused the damage to plaintiff." (Id., pp. 1-2.)

Even though Plaintiff has twice been instructed to describe the specific historical facts on which her lawsuit is based, she still has alleged only legal conclusions, which are unsupported by any allegations of specific acts or omissions by the named Defendants. (In fact, four of the six named Defendants – Christopher Cassirer, Dr. Louis Kavar, Beth Muller, and Thomas Clyburn -- are never even mentioned in the "Cause of action" section of the second amended complaint.) Thus, the Court finds that Plaintiff's second amended complaint – like her first two pleadings – is fatally defective.

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). See also Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) ("Under section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed in forma pauperis 'at any time if ... the action ... fails to state a claim on which relief may be granted.'").

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s), based on some settled legal principle or doctrine. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Conclusory allegations alone will

3

not suffice. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Furthermore, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a claimant must allege historical facts showing that the named defendant(s) violated the claimant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A § 1983 claimant must allege facts showing "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right.'" Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005), cert. denied, 547 U.S. 1207 (2006), quoting Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001).

In this case, Plaintiff has failed to plead an actionable civil rights claim in her second amended complaint, because there are no allegations suggesting that any of the named Defendants were acting under color of state law in connection with any of the matters for which they are being sued. Simply put, Plaintiff has not alleged that the named Defendants are state employees or agents. For this reason alone, Plaintiff has failed to plead an actionable § 1983 civil rights claim.

Moreover, even if Plaintiff had alleged that Defendants were state actors, (although nothing in her submissions suggests that she could properly make such an allegation), her

4

second amended complaint still would be fatally defective, because there are no allegations suggesting that any Defendants did anything, (or failed to do anything), that violated Plaintiff's federal constitutional rights. The second amended complaint includes only conclusory claims of "breach of contract," harassment, retaliation, misrepresentations, and negligence – none of which is, by itself, a violation of the federal Constitution. Plaintiff's pleading refers to the First and Fourteenth Amendments to the Constitution, but it does not allege any specific historical facts showing that any of the Defendants violated Plaintiff's rights under those Amendments – or under any other provision of the federal Constitution. For this additional reason, Plaintiff has failed to plead an actionable civil rights claim.

## III. CONCLUSION

Plaintiff has now had three opportunities to plead an actionable claim for relief. She has also had the benefit of clear instructions from the Court on how to plead such a claim. However, Plaintiff still has not alleged a set of facts that states a cause of action on which relief can be granted. Therefore, the Court will now recommend that this case be summarily dismissed, and that Plaintiff's pending IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

    2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 28, 2009

                                                          s/Arthur J. Boylan
                                                          ARTHUR J. BOYLAN
                                                          United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 11, 2009.